liWOODARD, Judge.
The plaintiff, Billy L. Parker, Jr., appeals the trial court’s affirmation of the suspension of his commercial driver’s license by the Louisiana Department of Public Safety & Corrections, based on the provisions of La.R.S. 32:414.2(A)(5), for two serious traffic violations within a three-year period. For the reasons below, we affirm.
FACTS
On November 3, 1996, the State of Louisiana, Department of Public Safety & Corree- *899 tions (DPSC) notified Billy L. Parker Jr. (Parker), a truck driver, of the pending •withdrawal of his commercial driving privileges based on allegations that he incurred two serious traffic violations within a three-year period, a violation of La.R.S. 32:414.2(A)(5). It is uneontested that Parker received a traffic citation on August 8, 1993 for speeding fifteen miles over the speed limit in Texas; he was convicted of that violation on August 25, 1993. On January 20, 1996, he received another citation for |2speeding fifteen miles over the speed limit in Missouri; he was convicted of that violation on September 25, 1996.
Parker filed a Petition to Challenge Suspension on December 3, 1996. The trial judge ruled that the DPSC was within its rights to act accordingly. Parker devolutively appeals from that final judgment and seeks to have his driving privileges reinstated.
ASSIGNMENT OF ERROR
Parker asserts that the trial court erred in failing to reinstate his driver’s license, as suspended by the Department of Public Safety and Corrections, since his two speeding convictions occurred outside of a three-year period.
LAW
The sole issue on appeal is whether the relevant period in La.R.S. 32:414.2(A)(5) is the time between the occurrence of the two incidents or whether it is the time between the convictions of the two incidents. La.R.S. 32:414.2(A)(5) provides as follows:
Any person shall be disqualified from operating a commercial motor vehicle for a period of not less than sixty days if convicted of two serious traffic violations, or one hundred twenty days if convicted of three serious traffic violations, arising from separate incidents occurring within a three year period.
(Emphasis added.) Further, La.Civ.Code art. 9 states that “When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.”
In examining this statute, we are unable to detect any ambiguity and vagueness that Parker alludes to in his interpretation of the statute. It is clear from a plain reading of the statute that the timing of the incidents is decisive. Given the context of the sentence and the “arising from separate incidents” language, the word “incident” obviously refers to the act of receiving the citation, and not the act of being convicted of the violation, since convictions cannot arise from other convictions, but from incidents.
[ .gAdditionally, courts should “construe statutes to give them the meaning intended by the legislature and to avoid absurd results.” Moore v. State of Louisiana, Dept. of Public Safety, License Control & Driver Improvt. Div., 26,949 (La.App. 2 Cir. 5/10/95); 655 So.2d 644, 645-646. Thus, it would be absurd to think that the legislature intended to suspend driving privileges based on when drivers are convicted of their violations. What is obviously being deterred here is the occurrence of multiple serious violations within a close time frame. Moreover, La.R.S. 32:414.2 seeks to hold drivers of commercial motor vehicles to a higher standard of care. Id.
Based on Louisiana statutory construction, we hold that Parker’s commercial driver’s license was properly suspended.
CONCLUSION
For the foregoing reasons, we affirm the trial court’s judgment, suspending Parker’s driving privileges for sixty days.
AFFIRMED.